UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CHAZ HOLLINGSWORTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 2:15-CV-240 JD |
| v. | ) |
| | ) |
| WARDEN LAWRENCE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

Chaz Hollingsworth, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. (DE 1.) Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). Courts apply the same standard under Section 1915A as when deciding a motion under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. In determining whether the complaint states a claim, the court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal

constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

On January 29, 2015, Hollingsworth was being transported by Porter County officers from the federal courthouse in Hammond, Indiana, back to the Porter County Jail. Hollingsworth was handcuffed and shackled, but provided no seatbelt in the Porter County Jail vehicle. As the vehicle was exiting the courthouse's parking garage, it ran into a brick wall, causing Hollingsworth to "bang his head severely hard." Once Hollingsworth arrived back to the Porter County Jail, he requested medical treatment, as his injuries were causing him excruciating pain. Hollingsworth was seen by a doctor later that night and prescribed ibuprofen.

Here, Hollingsworth has brought this lawsuit to recover for the injuries he received as a result of the accident. However, Hollingsworth has not named the driver, or anyone else personally involved in the accident, as a defendant. Instead, Hollingsworth names only Sheriff David Reynolds and Porter County Jail Warden Lawrence as defendants. As a threshold matter, because there is no general *respondeat superior* liability under 42 U.S.C. § 1983, neither Sheriff Reynolds nor Warden Lawrence can be held liable simply because they oversee operations at the jail or supervise other correctional officers. *Burks v. Raemisch,* 555 F.3d 592, 595 (7th Cir. 2009). Accordingly, Sheriff Reynolds and Warden Lawrence will be dismissed as defendants.

Though Hollingsworth's current complaint does not plausibly state a claim, it is not possible to definitively say that he could not do so. Accordingly, Hollingsworth will be granted leave to file an amended complaint if he believes that he can present the facts necessary to state a claim. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). In the amended complaint, he should explain in his own words what happened, when it happened, where it happened, and who

was involved. He should also detail the injuries he suffered. He may attach any documentation he has in his possession or can obtain related to his claims.

There is an additional problem with his filings. He has not provided sufficient documents for service of process. Without two properly completed summons forms and one properly completed USM-285 form containing a name and address for each defendant, the U.S. Marshals Service cannot effect service in this case.

For these reasons, the court:

(1) **DIRECTS** the clerk to place this cause number on a blank prisoner Complaint 42 U.S.C. § 1983 form, and send it to Chaz Hollingsworth, along with 4 blank summons forms and 2 blank USM-285 forms;

(2) **GRANTS** Chaz Hollingsworth to and including August 17, 2015, to file an amended complaint and return the summons and USM-285 forms properly completed for each defendant; and

(3) **CAUTIONS** Chaz Hollingsworth that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current amended complaint does not state a claim for which relief can be granted.

SO ORDERED.

ENTERED: July 20, 2015

/s/ JON E. DEGUILIO
Judge
United States District Court