UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CHAZ HOLLINGSWORTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 2:15-CV-240 JD |
| v. | ) |
| | ) |
| WARDEN LAWRENCE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

Chaz Hollingsworth, a *pro se* prisoner, filed an amended complaint under 42 U.S.C. § 1983. (DE 7.) Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). Courts apply the same standard under Section 1915A as when deciding a motion under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. In determining whether the complaint states a claim, the court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To state a claim under 42

U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

On January 29, 2015, Hollingsworth was being transported by Porter County officers, William Watkins and Barbara Candiano, from the federal courthouse in Hammond, Indiana, back to the Porter County Jail. Hollingsworth was handcuffed and shackled, but was provided no seatbelt in the Porter County Jail vehicle. As the vehicle was exiting the courthouse's parking garage, it ran into a brick wall, causing Hollingsworth to "bang his head severely hard." Once Hollingsworth arrived back to the Porter County Jail, he requested medical treatment, as his injuries were causing him excruciating pain. Hollingsworth was seen by a doctor later that night and prescribed ibuprofen.

Initially, Hollingsworth filed a vague complaint. He did not name the driver, or anyone else personally involved in the accident, as a defendant. As such, the court found that the complaint did not state a claim for which relief could be granted. Hollingsworth was granted leave to file an amended complaint in the spirit of *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). Hollingsworth has now filed an amended complaint naming Officers Watkins and Candiano as defendants. He seeks money damages for the injuries he suffered as a result of the accident. (DE 7 at 4.)

Here, Hollingsworth complains that he was being transported without a seatbelt, in violation of jail policy. At the time of these events, Hollingsworth was a pre-trail detainee at the jail. "In evaluating the constitutionality of conditions or restrictions of pretrial detention . . . the proper inquiry is whether those conditions amount to punishment of the detainee." *Bell v.*

*Wolfish*, 441 U.S. 520, 535 (1979). The alleged conditions of confinement must be "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure's of life's necessities." *Lewis v. Downey*, 581 F.3d 467, 473 (7th Cir. 2009). The mere fact that the jail policies were not followed does not establish a constitutional claim. *See Estate of Davis v. Johnson*, 745 F.2d 1066, 1071 (7th Cir. 1994) (violation of jail regulation could support a negligence claim, but not a Section 1983 claim where defendant had no knowledge that violation of policy would result in strong likelihood of harm to inmate). Further, the condition of being transported by jail personnel without a seatbelt is not sufficiently serious as to give rise to a conditions of confinement claim. *Jabbar v. Fischer*, 683 F.3d 54, 58 (2d Cir. 2012); *Spencer v. Knapheide Truck Equip. Co.*, 183 F.3d 902, 906 (8th Cir. 1999); *Smith v. Sec'y for Dep't of Corrections*, 252 Fed. Appx. 301, 304 (11th Cir. 2007 ). Thus, Hollingsworth's claim for not being provided a seatbelt must be dismissed.

Next, Hollingsworth alleges that he suffered injuries as a result of the jail van getting involved in an accident. However, Hollingsworth does not allege that the defendants intentionally wrecked the van or intended to cause him any harm. Instead, he concedes that the van crashing into the wall was simply "an accident." Section 1983 claims cannot be founded on such negligence. *Loubser v. Thacker*, 440 F.3d 439 (7th Cir. 2006). Indeed, "injuries inflicted by governmental negligence are not addressed by the United States Constitution." *Daniels v. Williams*, 474 U.S. 327, 333 (1986). As a result, Hollingsworth's 1983 claim based on the collision is without merit.

It does not appear that he specifically included any state law claims in his complaint, but to the extent he was trying to raise a claim for negligence, or other state law tort, this opinion

3

does not purport to adjudicate any such claim. The court will dismiss any state law claims contained in the complaint without prejudice should Hollingsworth wish to pursue them in state court. *See Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Dirs.,* 593 F.3d 507, 513 (7th Cir. 2010) ("Ordinarily, when a district court dismisses the federal claims conferring original jurisdiction prior to trial, it relinquishes supplemental jurisdiction over any state-law claims under 28 U.S.C. § 1367(c)."). The court offers no opinion about the wisdom of pursuing this course or the merit of any potential claim he may have.

For these reasons, the federal claims contained in the amended complaint (DE 7) are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A, and any state law claims contained in the complaint are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c).

SO ORDERED.

ENTERED: September 28, 2015

/s/ JON E. DEGUILIO
Judge
United States District Court